# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/ Respondent, <br> v. <br> CARLOS GREGORIO MARTINEZ, <br><br> Defendant/ Petitioner. | CASE NO. 93cr206 WQH <br> CASE NO. 16cv1562 WQH <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the motion pursuant to 28 U.S.C. § 2255 filed by Defendant/Petitioner Carlos Gregorio Martinez. (ECF No. 85).

## PROCEDURAL BACKGROUND

On August 25, 1993, Defendant was sentenced to the statutory maximum of 180 months on Count 1, armed carjacking a motor vehicle in violation of 18 U.S.C. § 2119; a mandatory 60 month sentence on Count 2, Use and Carrying of a Firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and 360 months on Count 3, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Court ordered that the 360 months sentence on Count 3 be served concurrently with the 180 months sentence on Count 1, and that the 60 month sentence on Count 2 be served consecutively to Count 1 and 3 for a total term of imprisonment of 420 months.

On June 26, 2015, the United States Supreme Court determined that the section of the Armed Career Criminal Act ("ACCA") known as the "residual clause" was void for vagueness in *Johnson v. United States*, 576 U.S. – , 135 S.Ct. 2551 (2015). The ACCA residual clause provided enhanced penalties for a defendant with a "violent

felony," that is, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court stated,

> We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law.

135 S.Ct. at 2557. The Supreme Court subsequently determined that *Johnson* stated a "new substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, – U.S. – , 136 S.Ct. 1257, 1268 (2016).

On June 17, 2016, Defendant moved the Court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 based upon *Johnson*. Defendant contends that his term of imprisonment of 360 months in Count 3 must be set aside because his California burglary convictions are no longer "violent felonies" under the Armed Career Criminal Act after *Johnson*. Defendant further contends that his term of imprisonment of 60 months in Count 2 must be set aside because his armed carjacking conviction is no longer a "crime of violence" after *Johnson*.

On November 1, 2016, the Court of Appeals for the Ninth Circuit authorized this district court to proceed with this second or successive 28 U.S.C. § 2255 motion. (ECF No. 89-1).

On November 21, 2016, Plaintiff United States filed an response. Plaintiff states that "Martinez is no longer considered a career offender pursuant to *Johnson* based to his conviction as a felon in possession of a firearm, but he remains subject to the five-year mandatory consecutive sentence for using a weapon during a crime of violence." (ECF No. 93at 2). The Government asserts that "the Court should resentence Martinez on Count 3 to the statutory maximum of ten years." *Id.* at 21.

On November 27, 2016, Defendant filed a reply. Defendant asserts that he has already served 23 years in custody which is more that the maximum sentence of 15 years for carjacking on Count 1 and the five year consecutive sentence for his § 924(c)

conviction on Count 2.

## APPLICABLE LAW

28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.

## RULING OF THE COURT

Defendant contends and the Plaintiff agrees that the Defendant's sentence of 360 months on Count 3, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) is no longer valid in light of *Johnson*. The Court concludes that Defendant is entitled to relief under 28 U.S.C. § 2255 to set aside his sentence on Count 3.[1]

IT IS HEREBY ORDERED that the motion pursuant to 28 U.S.C. § 2255 filed by Defendant/Petitioner Carlos Gregorio Martinez. (ECF No. 85) is granted as to Count 3. Judgment entered August 25, 1993 is vacated as to Count 3.  The Government shall immediately prepare a writ for Defendant's appearance for resentencing.  Probation shall provide the original presentence report and prepare an addendum by January 17, 2017.  Status hearing regarding resentencing is set for January 23, 2017 at 9 a.m. in Courtroom 14B.

DATED:  December 23, 2016

**WILLIAM Q. HAYES**
United States District Judge

---

[1] The Court reserves ruling on Defendant's motion to vacate to Count 2.